### George Reisch, et al., v. Lizzie M. Foster.

1. INSTRUCTION—*when failure of, to confine jury to declaration, not error.* An instruction which refers to "the alleged assault," without referring to the assault as described in the declaration, is not erroneous where there was only one assault mentioned in the evidence.

Proceeding under Dram-Shop Act. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed March 20, 1906.

SHUTT, GRAHAM & GRAHAM, for appellants.

ROBERT H. PATTON and JAMES E. DOWLING, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Lizzie M. Foster, the appellee, brought suit in the Circuit Court of Sangamon county, against appellants, under the Dram-Shop Act, claiming that her husband became in-

toxicated in a saloon conducted in a building owned by appellants, and that while so intoxicated he assaulted appellee, by means whereof she miscarried and suffered nervous prostration, etc. The jury returned a verdict in appellee's favor for $500, judgment was rendered thereon and Reisch et al. appeal.

Appellants emphasize · three grounds only, upon which they ask for a reversal of the judgment. They first contend that the verdict is the result of passion and prejudice and not warranted by the evidence. Upon a careful review of the record we cannot adopt that view of the case. Two or three witnesses testified that appellee's husband drank liquor several times in the saloon conducted on the premises of appellants on the day in question; and even if the testimony of B. N. Foster (the husband) be entirely ignored as unworthy of belief, as claimed by appellants, there is still ample and sufficient evidence to warrant the jury in finding that Foster drank liquors in such saloon and became intoxicated by reason thereof.

Appellants next contend that the damages were excessive and that such excessiveness is suggestive of punitive damages. We do not think so. Judging from the size of the verdict, we do not believe the jury had any thought of awarding any damages beyond actual damages. The assault upon the appellee in her condition, with the results that followed, were enough to warrant the verdict returned as. compensatory only.

Appellants also contend that the instructions given for appellee were erroneous and should not have been given. Objection is made upon the ground that in the instructions for appellee the court referred to the alleged *assault* without referring to the assault as described in the declaration. We do not see how this could have misled the jury. There was only one assault involved and that was the one described in the declaration. No evidence was offered as· to any other. The same question arose in the case of C., B. & Q. R. R. Co. v. Avery, 109 Ill., 314, where the court say: "It is objected to the second instruction that it is

too broad in that it does not confine the rights of recovery to the negligence alleged in the declaration. As applied to the facts, there not being a particle of evidence of any other negligence than that alleged in the declaration, the instruction cannot be said to be erroneous in the respect named." Furthermore, appellants' third instruction as given was open to the same criticism (if it be an objection) in which the matter was referred to as "the injury in question," without reference to the charge as laid in the declaration. Appellants were, therefore, in no position to complain upon that account.

The other objections urged to the instructions as given for appellee do not, in our judgment, merit discussion.

The instructions as a series stated the law with substantial accuracy and the judgment of the lower court was right.

The judgment is affirmed.

*Affirmed.*